UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAZZMA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-034 |
| | ) | |
| GEORGIA POWER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Jazzma Hall filed a "Motion to Transfer" and a "Complaint" apparently related to a billing dispute with defendant Georgia Power. *See* doc. 1 at 5. As relief, she seeks, in unedited form: "I want to claim ownership of my account. To release my interest to the principle account and to send back a statement of the balance left over. And to not shut off my service. I want to become the receiver of my account." *Id.* She requested to pursue her case *in forma pauperis*. Doc. 2. Since her application indicates that she lacks sufficient funds to pay the Court's filing fee, that Motion is **GRANTED**. Doc. 2. Defendants' Motion to Dismiss should be **GRANTED, in part**, doc 16, and her Amended Complaint should be **DISMISSED**, doc. 10.

Shortly after Hall filed this case, Defendants filed a Motion to Dismiss. Doc. 8. Hall did not respond to that Motion but filed an Amended Complaint. Doc. 10. Defendants filed a second Motion to Dismiss the Amended Complaint. Doc. 16. Hall appears to have responded to that Motion in conjunction with a "[r]equest for default judgment," doc. 15, and also filed a separate response, doc. 21. Hall has also filed multiple motions, including a Motion for Emergency Injunction, doc. 7; a document titled "Request for Admission," that the Clerk docketed as a motion, doc. 12; and a "Request for Default Judgment," doc. 15. Defendants filed responses, docs. 18 & 19, and Hall has filed replies, docs. 20, 21 & 22. Finally, Defendants have requested a "status conference." Doc. 18.

First, as Defendants point out, doc. 8 at 3-5, Hall's "Motion to Transfer" is nonsense. The Clerk, apparently based upon Chatham County Superior Court pleadings attached to the filing, construed it as a Notice of Removal. *See* doc. 1; *see also* doc. 1-1 at 4-5. Defendants point out that neither construction of that document as a "transfer" or a "removal" renders Hall's pleading cognizable. *See* doc. 8 at 3-8. The statute cited, 28 U.S.C. § 1404, governs transfer of cases *between* courts

of the United States "[f]or the convenience of parties and witnesses, in the interests of justice." *See* 28 U.S.C. § 1404(a). It does not provide any authority for this Court to "transfer" a case currently pending before a state court. *See, e.g., American Gen. Life Ins. Co. v. Moody*, 2015 WL 13546623, at *2 (N.D. Ga. Nov. 17, 2015) (Section 1404(a) "only permits transfers between certain federal courts, and does not allow for transfers between federal and state courts." (internal quotation marks and citation omitted)). Even if the Court adopted the Clerk's excessively charitable construction,[1] "a Plaintiff cannot remove her own case under established law." Doc. 8 at 2; *see also Brown v. Dawson*, 2020 WL 9594411, at *2 (N.D. Ga. Feb. 6, 2020) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants, and that a plaintiff simply may not remove an action from a state court . . . ." (internal quotation marks, alterations, and citations omitted)). The Court can conceive of no procedural device that would permit a plaintiff

---

[1] There is no indication in Hall's "Motion to Transfer" that she seeks to remove a case. *See* doc. 1 at 1. To be sure, her pleading attaches a Complaint filed in the Superior Court of Chatham County. *See* doc. 1-1 at 4-5. Hall, however, never invokes any statutory removal provision. *See generally* doc. 1. The Clerk's construction, although reasonable, gives Hall too much credit. *See, e.g., Peers v. Brown*, 2023 WL 3613667, at *2 (11th Cir. May 24, 2023) ("[T]his leniency [afforded to *pro se* pleadings] does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

3

to compel the "transfer" or "removal" of her own case from state to federal court.

Despite the frivolity of Hall's ambiguous attempt to connect this case to her case in Superior Court, she also filed a free-standing Complaint. *See* doc. 1 at 2-6. She invokes this Court's federal question jurisdiction, based on a number of statutes, federal regulations, provisions of the Uniform Commercial Code, and the Fifth Amendment. *See id.* at 4. Her Amended Complaint similarly invokes federal question jurisdiction, but omits any alleged basis for that jurisdiction. *See* doc. 10 at 3. The filing of free-standing Complaints precludes the Court from following Defendants' suggestion that this case be dismissed for lack of jurisdiction "because Plaintiff has attempted to remove her own Complaint," doc. 8 at 20, notwithstanding the accuracy of Defendants' analysis that such a "removal" is meaningless.

Hall's original Complaint was filed on February 9, 2023. *See* doc. 1. Ignoring the procedurally meaningless references to her Superior Court case, no summons was requested or issued for that Complaint. *See generally* docket. Defendants argue that they were never served. *See* doc. 8 at 11-14. Hall filed her Amended Complaint the day after

4

Defendants filed their Motion to Dismiss. *Compare* doc. 8 (Motion to Dismiss, filed February 28, 2023), *with* doc. 10 (Amended Complaint, filed March 1, 2023). Under those circumstances, the Amended Complaint was properly filed, as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). The Amended Complaint, therefore, is the operative pleading in this case. *See, e.g., Williams v. Board of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint *as a matter of course* . . . the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint . . . ."); *see also, e.g., Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (when a plaintiff files an amended complaint, "the [prior] complaint (and its attached exhibits) bec[o]me a legal nullity."). Defendants' Motion to Dismiss the original Complaint should, therefore, be **DENIED** as moot.[2] Doc. 8.

> The Amended Complaint alleges, unedited and in its entirety:
>
> On Dec 21 2022 I Jazzma Hall sent Georgia Power and Christopher Womack a notice of error and rejected bill according to 15 USC 1666 and which Mr Womack had 30 days

---

[2] As this Court has explained, "[a]n amended complaint that does not incorporate the prior pleading . . . moots the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n*, ___ F. Supp. 3d ___, 2022 WL 4542114, at *2 n. 4 (S.D. Ga. Sept. 28, 2022) (internal quotation marks and citation omitted).

> to respond to my notice saying they were in receipt of the notice but I never received a response. So I sent him an email and no response to the documents sent in the email. If nothing is done after 30 days I no longer owe the amount. On feb 22 2023 Georgia Power shut off service not caring about the pending case or notice of error or recission.

Doc. 10 at 5. She seeks an injunction to restore her electrical service. *Id.* She also seeks monetary and permanent equitable relief. *Id.*

Charitably construed, Hall asserts a claim pursuant to the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666. *Cf. Rigby v. FIA Card Servs., N.A.*, 490 F. App'x 230, 232 (11th Cir. 2012). Such a claim is sufficient to establish federal question jurisdiction.[3] "Enforced as part of the Truth and Lending Act, and implemented by Regulation Z, the FCBA gives a consumer the right, upon proper written notice, to request correction of 'billing errors' by its creditors." *Id.* at 234 (citing 15 U.S.C. § 1666, 12 C.F.R. §§ 226.1-226.36). "[T]he FCBA applies only to open-end

---

[3] Defendants assert that this Court should abstain from this case, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), but that assertion does not implicate the Court's jurisdiction. *See Stuart v. Ryan*, 818 F. App'x 858, 861 (11th Cir. 2020) ("*Colorado River* abstention is not jurisdictional."). Moreover, as Defendants point out, even assuming that *Colorado River* abstention were appropriate, it need not result in dismissal of this case. *See* doc. 16 at 8-11. Finally, the parties dispute the status of the state court case. *Compare* doc. 21 at 4, *with* doc. 16 at 6. Given that the Court need not consider whether *Colorado River* applies as a jurisdictional requirement, and even if it applied it might not dispose of this case, and whether it applies would require this Court to consider disputed matters outside of the pleadings, the Court should decline to rule on Defendants' argument.

consumer credit plans, like credit card accounts." *Asper v. Wells Fargo Bank,* 2018 WL 2287331, at *4 (S.D. Cal. May 18, 2018).[4] Courts have rejected complaints where plaintiffs fail to plead facts sufficient to establish that the disputed account, for example a Verizon telephone account is an "open ended consumer credit plan," within the meaning of the statutes. *See James v. McAdam*, 2012 WL 5265987, at *2 (M.D. Fla. Oct. 23, 2012). Moreover, the applicable regulations "exempts 'an extension of credit that involves public utility services provided through pipe, wire, or other connected facilities . . . , if the charges for service, delayed payment, or any discounts for prompt payment are filed with or regulated by any government unit.'" *Monchino v. PSE & G*, 2012 WL 1988619, at *2 (D.N.J. June 4, 2012) (quoting 12 C.F.R. § 226.3(c)); *see also King v. Town of Waynesville*, 2003 WL 23354657, at *1 (W.D.N.C. Apr. 14, 2003), *aff'd* 70 F. App'x 138 (4th Cir. 2003) ("Public utilities which are regulated by the state are exempt from the requirements of [the Truth in Lending Act].").

---

[4] The relevant statute defines "open ended consumer credit plan," as "a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." 15 U.S.C. § 1602(j).

Plaintiff has not pleaded any fact that suggests that the disputed account with Georgia Power was an "open ended consumer credit plan." In the absence of such allegations, her Amended Complaint fails to state a claim under § 1666. *See, e.g., James*, 2012 WL 5265987, at *2. The Court might afford her an opportunity to amend. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, where a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."). However, it appears that Georgia's regulation of "gas or electric light and power companies," O.C.G.A. § 46-2-20, precludes any claim under § 1666 arising from those transactions. As such, any amendment would be futile. *Jenkins*, 620 F. App'x at 711 ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

Defendants' brief points out that provision of electrical services is regulated, in Georgia, by the Public Service Commission. *See* doc. 16 at 14 (citing O.C.G.A. § 46-2-20(a)). Similar state regulation has been found sufficient to establish exemption under § 226.3(c). *See Richardson v. PECO Energy*, 2022 WL 13918346, at *3 (E.D. Pa. Oct. 21, 2022) (noting

defendant "is covered by this exemption because it is regulated by the Pennsylvania Public Utilities Commission."). To the extent that Hall's electric bills, to whatever extent either defendant was responsible for them, are regulated under Georgia law, it does not appear that she *could* plead facts sufficient to state a claim under § 1666. Given that her § 1666 claim appears to be fatally and irretrievably defective, the Court should **GRANT**, in part, Defendants' Motion to Dismiss it,[5] doc. 16 at 14-16, and **DISMISS** Hall's Amended Complaint, doc. 10. The remaining alternative arguments asserted in Defendants' Motion to Dismiss should be **DISMISSED, in part**, as moot. Doc. 16, in part.

The remainder of Hall's Motions, regardless of their titles, should be **DENIED** as meritless. Her "Motion for an Emergency Injunction," states merely that "Georgia Power is not trying to resolve this matter." Doc. 7 at 1. That does not come close to "clearly establishing" any of the

---

[5] Defendants point out that they have not been served with either Complaint. *See* doc. 16 at 11-14. However, since Hall is granted leave to proceed *in forma pauperis*, she might be entitled to service by a United States Marshal. *See, e.g.,* Fed. R. Civ. P. 4(c)(3). The lack of service, therefore, does not provide an obvious ground for dismissal.

Finally, although the Court recommends that Defendants' alternative assertion that the Amended Complaint should be dismissed for failure to state a claim, pursuant to Federal Rule 12(b)(6), be granted, the same recommendation is justified pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

substantive prerequisites to the "extraordinary and drastic remedy" of a preliminary injunction. *See, e.g., Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Assoc., Inc.*, 2023 WL 3704912, at *3 (11th Cir. May 30, 2023). Her "Motion for Default Judgment" does not even attempt to comply with the formal requirements for such a motion. *Compare* doc. 15, *with* Fed. R. Civ. P. 55. Notwithstanding its merits, whatever they might be, her Motion should be **DENIED**. Doc. 15. Finally, her "motion" seeking admissions is merely an improperly filed and premature discovery request. *See, e.g.,* Fed. R. Civ. P. 26(d)(1). It is, therefore, **DENIED**. Doc. 12.

In summary, Hall's Motion to Proceed *In Forma Pauperis* is **GRANTED**. Doc. 2. Defendant's Motion to Dismiss Hall's original Complaint should be **DISMISSED**, doc. 8, as it is moot given her filing of her Amended Complaint, doc. 10. Defendant's Motion to Dismiss her Amended Complaint should be **DENIED, in part**, to the extent that it argues that the Court lacks subject matter jurisdiction. Doc. 16, in part. It should, however, be **GRANTED, in part**, to the extent that it argues that she fails to state a claim under 5 U.S.C. § 1666. Doc. 16, in part. The remaining arguments asserted in that Motion are, therefore, moot,

10

and should be **DISMISSED**.  Doc. 16, in part.  Hall's Motion for Emergency Injunction, doc. 7, and Motion for Default Judgment, doc. 15, should be **DENIED**.  Her Motion for Request for Admission is **DENIED**. Doc. 12.  Finally, Defendants' Motion for Status Conference is **DENIED**.[6] Doc. 18, in part.

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 20th day of June, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] If the District Judge declines to adopt the recommendation that this case be dismissed, Defendants are free to renew their request for a conference, subject to any instructions from the District Judge.