IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAZZMA HALL,                       )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )      CASE NO. CV423-034
                                   )
GEORGIA POWER and CHRISTOPHER      )
WOMACK,                            )
                                   )
        Defendants.                )
_____   )

## O R D E R

Before the Court is the Magistrate Judge's June 20, 2023,
Report and Recommendation (Doc. 26), to which Plaintiff Jazzma
Hall has filed an objection (Doc. 27). Defendants Georgia Power
Company and Christopher Womack have responded in support of the
Magistrate Judge's conclusions. (Doc. 28.) After a careful review
of the record,[1] Plaintiff's objections are **OVERRULED** (Doc. 27),
and the report and recommendation (Doc. 26) is **ADOPTED** as the

---

[1] The Court reviews de novo a magistrate judge's findings to which
a party objects, and the Court reviews for clear error the portions
of a report and recommendation to which a party does not object.
28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv.,
Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v.
Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))
(outlining the standard of review for report and recommendations).
"A judge of the court may accept, reject, or modify, in whole or
in part, the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b)(1).

Court's opinion in this case.[2]

While Plaintiff's filings in this case are not models of clarity, it is evident that she objects to the fact that her electrical service has been interrupted. (Doc. 10 at 5.) Beyond that, very little is clear about the procedural posture or substance of Plaintiff's claims. The Magistrate Judge discussed the frivolity of Plaintiff's "motion to transfer" a case she had previously filed in state court apparently asserting the same or similar claims. (See Doc. 26 at 2-4.) Despite that frivolity, the Magistrate Judge construed Plaintiff's filing of formal independent complaints as sufficient to confer jurisdiction on this Court. (Id. at 4-5.) Even though the Magistrate Judge charitably construed Plaintiff's filings, Plaintiff objects to the Magistrate Judge's analysis.

In the objection, Plaintiff appears to assert that it was her intent to remove her own case from state court. (Doc. 27 at 2-3.) She first contends that the Magistrate Judge erred in concluding that she could not transfer a case from state to federal court

---

[2] When outlining the background of the case in the report and recommendation, the Magistrate Judge overlooked Plaintiff's response to Defendants' Motion to Dismiss, which was filed after her Amended Complaint. (Doc. 14; Doc. 26 at 2.) Plaintiff objects to that oversight. (Doc. 27 at 1.) However, as the Magistrate Judge correctly recognized, the amended complaint was filed as a matter of course and rendered the original motion to dismiss moot. (Doc. 26 at 5.) The Magistrate Judge's oversight of her response to a moot motion was, therefore, harmless.

pursuant to 28 U.S.C. § 1404. (<u>Id.</u> at 2.) In support of her position, Plaintiff argues that § 1404(a) does not state that an action "cannot be transferred from a state to federal court" and cites to a subsection of § 1404 concerning the treatment of cases filed in district courts in United States overseas territories. (<u>Id.</u>) Finally, Plaintiff cites to case law recognizing that a plaintiff may seek a transfer under § 1404. (<u>Id.</u>) She concludes, based on her discussion of the transfer provisions of § 1404, that she was entitled to "<u>remove</u> [her] case." (<u>Id.</u> (emphasis added).)

As the Magistrate Judge explained, a "transfer" under § 1404 concerns the reassignment of cases between courts of the United States; that is, between federal district courts. (<u>See</u> Doc. 26 at 2-3.) The reassignment of a case pending in state court, like the Superior Court of Chatham County, Georgia, to a United States federal court is a "removal," not a transfer. Removal of cases from state to federal court is governed by 28 U.S.C. § 1441, not § 1404.

Plaintiff's apparent misunderstanding of the distinction between transfer and removal notwithstanding, the Magistrate Judge correctly explained that Hall, as a plaintiff, cannot remove her case from state court. (Doc. 26 at 3.) As the United States District Court for the Northern District of Georgia succinctly stated: "It is clear beyond peradventure of a doubt that the right to removal <u>is vested exclusively in defendants</u>, and that <u>a</u>

3

plaintiff simply may not remove an action from a state court
. . . ." <u>Brown v. Dawson</u>, No. 1:19-CV-5631-MHC-JKL, 2020 WL
9594411, at *2 (N.D. Ga. Feb. 6, 2020) (emphasis added) (quotation
marks, alterations, and citations omitted). To the extent that
Plaintiff's objection indicates that she intended to transfer or
remove the case she filed in the Superior Court of Chatham County,
Defendants are correct that this case would be subject to dismissal
for lack of jurisdiction. (Doc. 16 at 5-8.) However, given the
ambiguous presentation of Plaintiff's argument, the Court agrees
with the Magistrate Judge's determination that the submission of
distinct complaints which do not refer to or rely upon any state
court pleadings is sufficient to confer jurisdiction. (Doc. 26 at
4.)

Next, based on the Amended Complaint's nominal invocation of
the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, the
Magistrate Judge considered whether Plaintiff had stated any claim
upon which relief could be granted. (<u>Id.</u> at 6-9.) The Magistrate
Judge concluded that "Plaintiff has not pleaded any fact that
suggests that the disputed account with Georgia Power was an 'open
ended consumer credit plan[,]' " subject to the FCBA. (<u>Id.</u> at 8.)
Plaintiff apparently objects to this conclusion. (Doc. 27 at 3.)
The regulation Plaintiff cites does define "open-end credit" as
"credit extended by a creditor under a plan in which:"

4

> (i) The creditor reasonably contemplates repeated transactions;
> (ii) The creditor may impose a finance charge from time to time on an outstanding unpaid balance; and
> (iii) The amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid.

12 C.F.R. § 1026.2(a)(20). However, there is no allegation, either in the amended complaint or the objection, that any of those conditions applied to Plaintiff's account with Georgia Power. (Docs. 10, 27.) Additionally, Plaintiff's assertion that an account is considered an "open-end account" if "the account has more than 4 installments" also appears to be incorrect.[3] (Doc. 27 at 3.) The Court, therefore, **ADOPTS** the Magistrate Judge's conclusion that Plaintiff's amended complaint fails to state a claim under the FCBA. (Doc. 26 at 8-9.)

The Magistrate Judge recognized that courts often afford pro se parties an opportunity to amend when a complaint fails to state a claim because it lacks sufficient factual allegations. (Id. at 8 (citing Jenkins v. Walker, 620 F. App'x 709, 711 (11th Cir. 2015).) Recognizing Defendants' assertion that the accounts at

---

[3] The cited regulation does refer to extensions of credit payable "in more than four installments." 12 C.F.R. § 1026.2(a)(17). The references occur in the definition of "creditor." Id. Whether Defendant Georgia Power is—or could be—a "creditor" does not affect the Magistrate Judge's conclusion that the amended complaint failed to allege facts to establish that the disputed account was an "open ended consumer credit plan" subject to the FCBA. (Doc. 26 at 8-9.)

issue are subject to the FCBA's exemption of credit accounts "that involve[] public utility services provided through pipe, wire, [or] other connected facilities . . . if the charges for service, delayed payment, or any discount for prompt payments are . . . regulated by any government unit[,]" he proceeded to consider whether Plaintiff should be given leave to amend. 12 C.F.R. § 226.3(c); (Doc. 26 at 8-9). The Magistrate Judge concluded that application of that exemption precluded Plaintiff's claims under the FCBA, rendering the opportunity to amend futile. (Doc. 26 at 8-9.)

Plaintiff's objections to the Magistrate Judge's analysis, to the extent that they are discernable, appear focused on the futility conclusion. Plaintiff quotes from numerous regulations and statutes whose only plausible relevance is to the application of the exemption. (Doc. 27 at 3-6.) She asserts:

> The code never stated that the defendants are exempt. Just certain transactions. Company and transactions have two different meanings. Yet the defendants and [the Magistrate Judge] have continued to use this code incorrectly. The CFPB gives clear meaning of what that code means. The utility companies deal with consumer credit. They cannot be exempt. When there is a request for service customers ask for the ss number which involves a consumer credit transaction.

(Id. at 4.)

First, Plaintiff's citation to the "CFPB," or the United States Consumer Financial Protection Bureau, and corresponding regulations which have no applicability to the FCBA is unavailing.

Plaintiff's assertion that a business's use of a customer's "ss number" somehow subjects that business to all regulations applicable to "consumer credit transaction[s]" is similarly not persuasive. Overall, the Court agrees with the Magistrate Judge and the authority in support of his conclusion that Georgia's regulation of electrical services exempts those transactions from the FCBA. (Doc. 26 at 7-9 (citing Monchino v. PSE & G, Co., 2012 WL 1988619, at *2 (D.N.J. June 4, 2012)).) To the extent that the Magistrate Judge concluded that any opportunity for Plaintiff to amend her FCBA claim would be futile, the report and recommendation is **ADOPTED**.

Plaintiff next objects to the Magistrate Judge's denial of her motion for request for admission and cites to Georgia case law in support of her argument. (Doc. 12; Doc 26 at 10; Doc. 27 at 6-7.) Plaintiff is confused about the application of the Georgia Civil Practice Act, which does not apply in this case, and the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, discovery requests, including requests for admissions, may ordinarily not be served "before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1). Accordingly, the Magistrate Judge did not clearly err when denying Plaintiff's motion. It stands **DENIED**. (Doc. 12.)

Finally, Plaintiff objects to the Magistrate Judge's recommendation that her motion for emergency injunction be denied.

(Doc. 27 at 7.) In the report and recommendation, the Magistrate Judge determined that Plaintiff's motion did "not come close to 'clearly establishing' any of the substantive prerequisites to the 'extraordinary and drastic remedy' of a preliminary injunction." (Doc. 26 at 9-10 (citing Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Assoc., Inc., No. 22-14257, 2023 WL 3704912, at *3 (11th Cir. May 30, 2023)).)

In her objection, Plaintiff cites to a Georgia statute concerning interlocutory decrees. (See Doc. 27 at 7 (quoting O.C.G.A. § 23-4-34).) To the extent that Plaintiff acknowledges the Federal Rules of Civil Procedure, she states that the Magistrate Judge "has harmed [her] and [her] family by not setting up a hearing for the injunction in which he failed to protect our constitutional rights. No matter how the injunction was written out, it still had precedence over all other matters." (Id. (citing Fed. R. Civ. P. 65).)

Generally, courts are permitted to grant a preliminary injunction after considering whether a plaintiff can demonstrate:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003) (citations omitted). "It is well-

8

established in this Circuit that a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to all four elements." CBS Broad., Inc. v. EchoStar Commnc'ns Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (quotation marks omitted) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). "[A]n evidentiary hearing is not always required before the issuance of a preliminary injunction[.]" Four Seasons Hotels & Resorts, B.V., 320 F.3d at 1211.

First, state procedural statues generally do not apply in this Court. Moreover, Plaintiff does not explicitly address any of the substantive requirements for a preliminary injunction in either her motion or objection. (Docs. 7, 27.) As explained above, Plaintiff did not show a substantial likelihood of success on the merits of her claim, and she failed to clearly establish she would suffer irreparable injury. The Court therefore **ADOPTS** the Magistrate Judge's report and recommendation (Doc. 26 at 9-10), and Plaintiff's motion for emergency injunction is **DENIED** (Doc. 7).

In summary, Plaintiff's objections are **OVERRULED** (Doc. 27), and the Court **ADOPTS** the report and recommendation as modified and supplemented above as the Court's opinion in this case. (Doc. 26.) Defendants' Motion to Dismiss is **DISMISSED AS MOOT.** (Doc. 8). Defendants' Motion to Dismiss Amended Complaint is **GRANTED IN PART**

and **DENIED IN PART** (Doc. 16), and Plaintiff's amended complaint is, therefore, **DISMISSED** (Doc. 10). Plaintiff's motion for emergency injunction is **DENIED**. (Doc. 7.) The Magistrate Judge also recommended denying Plaintiff's Motion for Default Judgment (Doc. 26 at 10), to which Plaintiff filed no objection. Accordingly, Plaintiff's motion for default judgment is likewise **DENIED**. (Doc. 15.) The Clerk of Court is **DIRECTED** to close this case.

    SO ORDERED this _____10ᵗʰ_____ day of August 2023.

 

                    _____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA